IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| DESTINEE LATHON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 13-3216 |
| | ) | |
| OAK TERRACE HEALTHCARE CENTER, INC. and JEREMY WOODLE, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

OPINION

RICHARD MILLS, U.S. District Judge:

This is an employment discrimination case wherein Plaintiff Destinee Lathon, proceeding pro se, alleges the Defendants discriminated against her on the basis of race, pursuant to 42 U.S.C. §§ 1981 and 2000e, when her employment was terminated. Pending before the Court is the Defendants' Motion for Summary Judgment.

I. FACTUAL BACKGROUND[1]

---

[1]These facts are taken from the Defendants' factual allegations in support of their motion for summary judgment. Because the allegations are properly supported with citations to the record and the Plaintiff has not disputed them,

A. The parties and incident of June 15, 2012

Defendant Oak Terrace HealthCare Center, Inc. ("Oak Terrace") operates a facility at 1750 West Washington Street, Springfield Illinois known as Oak Terrace HealthCare Center (the "Facility"), where Defendant Jeremy Woodle ("Woodle" or, collectively, the "Defendants,") is the Administrator of the Facility. As Administrator of the Facility, Woodle makes hiring, firing and disciplinary decisions relating to Oak Terrace's employees at the Facility. Plaintiff Destinee Lathon ("Lathon") was employed by Oak Terrace at the Facility from May 2, 2005 to June 20, 2012.

On Friday June 15, 2012, Donna Howard, an employee of Oak Terrace, advised Woodle that an altercation between employees was occurring near the kitchen of the Facility that required his attention. Upon the notification, Woodle went immediately to the kitchen area of the Facility. When he arrived in the kitchen area, Woodle saw Victoria Grimmett, an employee of Oak Terrace, yelling at Lathon. Woodle also

the allegations are deemed admitted. See Fed. R. Civ. P. 56(e)(2); CDIL-LR 7.1(D)(6).

saw Lathon holding a cake knife with the blade pointing downward and outward. Woodle shouted at Lathon three times to put down the knife. After the third time, Lathon surrendered the knife to another employee. Woodle then asked Grimmett and Lathon to immediately leave the premises and advised them that they were both suspended pending an investigation of the incident. Following the incident, Woodle obtained a written statement from Lathon.

B. Oak Terrace's policies

Oak Terrace has an Employee Conduct and Disciplinary Action policy (the "Disciplinary Policy") applicable to all of its employees. The Disciplinary Policy provides that certain violations, including but not limited to "(9) Fighting or horseplay;" "(10) Possession of a firearm, other weapon or dangerous devices on/in facility property;" "(26) Failing to submit to drug/alcohol testing and/or failing said test;" "(27) Failing to follow appropriate policies or procedures that results in harm or potential harm to a resident or an employee;" and "(32) Other extreme instances or improper conduct not specifically listed," will result in termination pending

3

a review and investigation.

In the event that a violation is obvious, no investigation is necessary and immediate termination will result. Oak Terrace has an alcohol and drug policy applicable to all of its employees. The Alcohol and Drug Policy provides that an employee may be required to submit to (1) random substance testing; (2) substance testing following an on-the-job accident or injury; and (3) immediate substance testing when an employee is reasonably suspected of being under the influence of alcohol or drugs. Oak Terrace's Alcohol and Drug Policy further provides that any employee who fails to comply with the policy will be terminated. Oak Terrace contracts with Midwest DNA & Drug Testing, Inc., an Illinois corporation ("Midwest"), to perform substance testing of employees in accordance with Oak Terrace's Alcohol and Drug Policy.

C. Investigation and drug testing

On Monday June 18, 2012, at approximately 12:20 p.m., Woodle requested that Lathon take a drug test when Lathon arrived at the Facility to pick up her pay check. In connection with such request, Woodle

furnished Lathon with a Memorandum (the "Drug Test Memorandum"). The Drug Test Memorandum states that Lathon is required to submit to a drug test for suspicion of drug use at Midwest's office located at West Grand Plaza, 1305 Wabash Avenue, Suite F, Springfield, Illinois 62704 ("Midwest's Office"), within 20 minutes of notification. All employees of Oak Terrace required to submit to a drug test under suspicion of drug use are given a short time frame in which to perform the drug test. Woodle also requested that Grimmett take a drug test in connection with her involvement in the incident on June 15, 2012.

Lathon arrived at Midwest's Office at 1:15 p.m. on June 18, 2012. Dana Shanholtzer, President of Midwest ("Shanholtzer"), informed Lathon that her drug test was being conducted for reasonable suspicion and that she was required to provide a specimen under direct observation. Lathon made three attempts to provide a specimen, but did not provide a specimen of sufficient size for testing. Following her last attempt at 1:55 p.m., Lathon informed Shanholtzer that she had too much to do and needed to leave. Shanholtzer advised Lathon that if she left before completing the

test, Midwest would have to report to Oak Terrace that Lathon failed to complete the test. Lathon left Midwest without completing the drug test.

On June 20, 2012, Woodle terminated Lathon's employment. In connection with such termination, Woodle furnished Lathon with an Employee Memorandum (the "Discharge Memorandum"). The reasons for Lathon's termination stated in the Discharge Memorandum were (i) Verbal or Physical threat against another employee, facility, or a resident, (ii) Fighting or Horseplay, (iii) Failing to follow appropriate policies or procedures that results in harm or potential harm to a resident or an employee; (iv) Failing to submit to drug/alcohol testing and/or failing said test, and (v) Other extreme instances or improper conduct not specifically listed.

All employees of Oak Terrace who have failed to submit to a drug test, or who have failed a drug test, have been discharged.

In her Complaint, Lathon alleges her termination constituted discrimination based on race, in violation of Title VII and § 1981. The Defendants assert they are entitled to summary judgment.

Lathon has filed a pro se Response, which does not specifically address the Defendants' argument that she cannot establish a prima facie case of discrimination. Lathon's response includes three statements from purported witnesses to the incident with Grimmett, a statement from Dana L. Shanholtzer from Midwest and a copy of the Oak Terrace Alcohol and Drug Policy.[2]

## II. DISCUSSION

### A. Legal standard

Summary judgment is appropriate if the motion is properly supported and "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." See Fed. R. Civ. P. 56(a). The Court construes all inferences in favor of the non-movant. See Siliven v. Indiana Dept. of Child Services, 635 F.3d 921, 925 (7th Cir. 2011). To create a genuine factual dispute, however, any such inference must be based on something more than "speculation or conjecture." See Harper v. C.R. England, Inc., 687 F.3d 297, 306 (7th Cir. 2012) (citation omitted).

---

[2]None of the statements relied on by Lathon are in the form of an affidavit or declaration.

Because summary judgment "is the put up or shut up moment in a lawsuit," a "hunch" about the opposing party's motives is not enough to withstand a properly supported motion. See Springer v. Durflinger, 518 F.3d 479, 484 (7th Cir. 2008). Ultimately, there must be enough evidence in favor of the non-movant to permit a jury to return a verdict in its favor. See id.

B. Analysis

To establish a prima facie case of race discrimination on the basis of Title VII or § 1981, a plaintiff must present evidence showing (1) she was a member of a protected class; (2) she was meeting her employer's legitimate performance expectations; (3) she suffered an adverse employment action; and (4) other similarly situated employees outside of the protected class were treated more favorably. See Huang v. Continental Cas. Co., 754 F.3d 447, 450 (7th Cir. 2014). If the plaintiff fails to provide evidence of any of these factors, her discrimination claim fails. See id. If the plaintiff establishes a prima facie case of discrimination, the burden then shifts to the defendants to articulate a legitimate, non-discriminatory reason for the challenged employment action. See

McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).

The Defendants acknowledge Lathon is a member of a protected class who suffered an adverse employment action. Moreover, they do not dispute that Lathon was meeting Oak Terrace's legitimate performance expectations until June 15, 2012.

The Defendants contend, however, that Lathon was not treated less favorably than similarly situated employees outside of her protected class. The Defendants assert that because all Oak Terrace employees who have committed the same violations have been discharged, Lathon cannot establish a prima facie case of discrimination.

The Defendants allege that following the June 15, 2012 incident, an investigation was conducted in accordance with Oak Terrace's Employee Conduct and Disciplinary Action Policy. Lathon was discharged for several violations of Oak Terrace's Employee Conduct Disciplinary Action Policy, including "(26) Failing to submit to drug/alcohol testing and or failing said test." The Plaintiff does not dispute that she left the Midwest facility before completing the drug test. Accordingly, even when the facts are

viewed in a light most favorable to Lathon, there is no dispute that Oak Terrace had sufficient grounds to terminate her employment.

The record establishes Oak Terrace had other reasons for discharging Lathon, for violations including (1) Fighting; (2) Possession of a Weapon; and (3) Failing to follow appropriate policies or procedures that could result in harm to a resident or employee.

Each of the aforementioned reasons provided Oak Terrace with grounds to terminate Lathon's employment. Accordingly, Lathon is unable to allege a prima facie case of race discrimination under Title VII or § 1981. The Defendants are entitled to summary judgment.

<u>Ergo</u>, the Defendants' Motion for Summary Judgment [d/e 14] is ALLOWED.

The Clerk will enter Judgment in favor of the Defendants.

CASE CLOSED.

ENTER: April 28, 2015

    FOR THE COURT:

    s/Richard Mills
    Richard Mills
    United States District Judge